**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-107-HRW

JOE JACKSON                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON, ET AL.                                          DEFENDANTS

Plaintiff Joe Jackson, proceeding *pro se*, is confined in the Federal Prison Camp in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland"). He has filed a *pro se* civil rights complaint asserting claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971) [Record No. 2]. He also filed an "Application to Proceed *In Forma Pauperis*," which the Court has granted by separate Order.

This matter is before the court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To state a claim a valid claim under *Bivens*, the plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397.

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519

(1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2) a district court has the authority to dismiss a case at any time if it determines that the action is: (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The named defendants are: (1) Brian Patton, Warden of FPC-Ashland; (2) the Bureau of Prisons ("BOP"); and (3) the United States Attorney General.

## CLAIMS

The plaintiff alleges that Warden Patton has violated his constitutional rights by denying him telephone contact with his wife and mother, both of whom are housed in other federal prison facilities. As the claim is essentially a challenge to the conditions of the plaintiff's confinement it would fall under the Eighth Amendment of the United States Constitution.[1] To the extent that the claim involves association and/or with other federal inmates, the claim could also be construed as falling under the First Amendment of the United States Constitution.

## RELIEF REQUESTED

The plaintiff seeks injunctive relief. He seeks an Order requiring the BOP to allow him to have telephone contact with his wife and mother, who are inmates at other federal prisons.

## ALLEGATIONS OF THE COMPLAINT

---

[1]

The plaintiff alleges that the denied telephone access violates his rights under the Fourteenth Amendment of the United States Constitution. The Fourteenth Amendment applies to actions of persons acting under color of *state* law, and the named defendants are *federal* officials.

2

The plaintiff states that on March 3, 2007, he was convicted of "Fraud" in the United States District Court for Northern District of Indiana, South Bend Division.[2] The plaintiff alleges that a BOP Policy Statement from 2002 allows at least one inmate-to-inmate phone call. He challenges the terms of FPC-Ashland's April 6, 2005 "Memorandum" [Record No. 2-3] which prohibits inmate-to- inmate phone contact until a prisoner has served twelve months.[3] At that point, an inmate is allowed only one call to another inmate, if various criteria set forth in the April 6, 2005 "Memorandum" are satisfied.

The plaintiff submitted his grievance through all three levels of the BOP grievance process, 28 C.F.R. 542.10-19. The claim was rejected at all three BOP administrative levels.[4] The BOP officials noted that there is no national program statement which directly addresses inmate-to-inmate telephone contact. The BOP officials explained, however, that under BOP PS 5264.07, *Telephone Regulations for Inmates*, each federal prison warden has discretion to regulate inmate-to-inmate telephone contact. This policy allows each warden the flexibility to consider the variables of his or her specific facility; the need to preserve institutional security;

---

[2]

On March 9, 2007, the plaintiff was sentenced to a term of 24-months, plus supervised release, for violations of 18 U.S.C. § 371 (Conspiracy to Defraud the United States) and 18 U.S.C. § 1341 (Mail Fraud). *See United States v. Jackson*, United States District Court for the Northern District of Indiana, 3:06-CR-00032-RLM-3.

[3]

As the plaintiff was sentenced on March 9, 2007, he has served about nine months.

[4]

The Warden rejected the BP-9 on July 12, 2007 [Record No. 2-7]; (2) the BOP Mid-Atlantic Regional Office rejected the BP-10 appeal on August 8, 2007 [Record No. 2-10]; and (3) the BOP General Counsel rejected the BP-11 appeal on November 6, 2007 [Record No. 8-2].

3

and the goal of maintaining the inmates' ties to the community.

Both Warden Patton and Harrell Watts noted that the plaintiff has approval for general correspondence (presumably mail) with his wife and mother, and both encouraged the plaintiff to continue to use this method of contact [Record No. 2-7]. Along the same line, Harrell Watts, the Administrator of the BOP National Inmate Appeals, discussed BOP PS 5266.11, *Correspondence*, reiterated the provisions of 28 C.F.R. § 540.17 [Record No. 8-2]. He noted that this regulation vests the prison unit manager with authority to approve correspondence between inmates, under certain conditions which do not threaten the good order and security of the prison.

All of the BOP administrative officials concluded that the April 6, 2005 "Memorandum," pertaining to the Ashland prison facility, was a reasonable exercise of the warden's authority. All noted that after the plaintiff has served twelve months, he would be eligible to submit to prison staff a request for permission to make an inmate-to inmate telephone call.

The plaintiff alleges that the denial of telephone contact violates his constitutional rights.

## DISCUSSION

As the BOP officials explained, PS 5264.07 charges each federal warden with the duty of implementing and maintaining a telephone program which ensures institutional security. The BOP has the authority to limit telephone contact between inmates and family members who are also federal inmates, as such phone contact could potentially threaten the security of the institution(s). Put in other words, a prisoner's right to phone contact with other family member-inmates, like so many other conditions of confinement, is not absolute or unfettered. Prison officials may limit a prisoner and his visitor's First Amendment rights if their actions are

4

reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89

(1987); *Caraballo-Sandoval v. Honsted*, 35 F.3d 521, 525 (11th Cir.1994) (per curiam).

Addressing the issue of restrictions on inmate privileges, the United States Supreme

Court explained as follows in a case as recent as 2003:

> We have said that the Constitution protects "certain kinds of highly personal
> relationships," *Roberts v. United States Jaycees*, 468 U.S. 609, 618 (1984). And
> outside the prison context, there is some discussion in our cases of a right to
> maintain certain familial relationships, including association among members of
> an immediate family and association between grandchildren and grandparents.
> *See Moore v. East Cleveland*, 431 U.S. 494, 97 S. Ct. 1932, 52 L. Ed.2d 531
> (1977) (plurality opinion); *Meyer v. Nebraska*, 262 U.S. 390, 43 S. Ct. 625
> (1923). . . .
>
> The very object of imprisonment is confinement. Many of the liberties and
> privileges enjoyed by other citizens must be surrendered by the prisoner. An
> inmate does not retain rights inconsistent with proper incarceration. *See Jones v.
> North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977); Shaw v.
> Murphy, 532 U.S. 223, 229 (2001). And, as our cases have established, freedom
> of association is among the rights least compatible with incarceration. *See Jones*,
> *supra*, at 125-126; *Hewitt v. Helms*, 459 U.S. 460 (1983). Some curtailment of
> that freedom must be expected in the prison context."

*Overton v. Bazzetta*, 539 U.S. 126, 131, 123 S. Ct. 2162, 2167 (2003).

The case of *Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S. Ct. 2293 (1995) redefined

the concept of protected liberty interests enjoyed by prisoners under the Eighth Amendment, and

severely limited the scope of such interests. Under *Sandin*, a denial of phone contact with other

family member-inmates would not impose an "atypical and significant hardship on the inmate

in relation to the ordinary incidents of prison life." *Sandin*, 115 S. Ct. 2293, 2300 (1995).

Here, the warden had the discretion to restrict inmate-to-inmate phone contact. The

higher level BOP officials approved the terms of the April 6, 2005 "Memorandum." Given the

5

primary concern of maintaining security within a federal prison, the Court is unable and unwilling to say that the April 6, 2005 "Memorandum" is unconstitutional. The policy is reasonably related to legitimate penological interests. *Turner* 482 U.S. at 89.

Finally, the Court notes that judicial micro-management and day-to-day decisions of prison officials are activities which the United States Supreme Court has not encouraged. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Turner v. Safley*, 482 U.S. 78; *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976); and *Turney v. Scroggy*, 831 F.2d 135 (6th Cir. 1987). As the complaint will be dismissed, the Court will deny the "Motion to Amend/Correct Pre-filed Pending Motion" [Record No. 8] as moot.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     The plaintiff's "Motion to Amend/Correct Pre-filed Pending Motion" [Record No. 8] is **DENIED**.

(2)     This action is **DISMISSED WITH PREJUDICE**, *sua sponte*, and

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This _4th_ day of January, 2008.

_____
HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE